Ariadne Panagopoulou (AP - 2202)
Pardalis & Nohavicka, LLP
3510 Broadway, Suite 201
Astoria, NY 11106
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for the Plaintiffs*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

Bhagwati Ghale, Beauty Akhtar, Sarita Bhandari, and Aruna Tamang, *on behalf of themselves and others similarly situated*

*Plaintiffs*,

   -v-

PSA Realty Corp., La Quinta Inns, Inc., Kanshik Patel, Chandresh Patel, and Mark Chloupek, *in their individual and professional capacity*

*Defendants.*

Civil Case No.: _____-cv-_____(___)

## COLLECTIVE ACTION COMPLAINT

## NATURE OF THE ACTION

1.    Plaintiffs, Bhagwati Ghale, Beauty Akhatr, Sarita Bhandari, and Aruna Tamang (collectively "Plaintiffs"), on behalf of themselves and others similarly situated, bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* in order to remedy Defendants' wrongful withholding of Plaintiffs' lawfully earned minimum and overtime compensation. Plaintiffs also bring these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq*, as well as the supporting New York State Department of Labor Regulations for violations of minimum and overtime wages, spread-of-hours pay and notice and record-keeping requirements. Finally, Plaintiff

1

Sarita Bhandari brings a claim of unlawful termination.

## SUMMARY

2.    Plaintiffs were employed by Defendants, PSA Realty Corp. ("PSA"), La Quinta Inns, Inc. ("La Quinta"), Kanshik Patel, Chandresh Patel, and Mark Chloupek.

3.    Plaintiffs' job duties included cleaning, maintaining, and managing upkeep of the various rooms throughout the La Quinta Motel located at 37-18 Queens Boulevard, Long Island City, NY 11101.

4.    La Quinta engaged the services of PSA Realty Corp., which functioned as an intermediary agency, to recruit and retain Plaintiffs as housekeepers. However, as a matter of economic reality, Plaintiffs were jointly employed by both entities.

5.    Defendants have repeatedly deprived Plaintiffs of their lawfully earned wages as well as their overtime compensation.

6.    Plaintiffs had set scheduled hours of work from 9 a.m. to 5 p.m., yet were often required by Defendants to stay for further hours to complete their duties for each day. Plaintiffs ordinarily were required to stay one to two, or even more hours after 5 p.m. each day they worked in order to complete their duties.

7.    Plaintiffs were not paid at all for the extra hours they were required to work each day and these hours were not accounted for by the defendants.

8.    On August 9, 2016, Plaintiffs, through their attorneys, sent a notice of intent to commence litigation to the Defendants PSA Realty Corp. and La Quinta Inns, Inc.

9.    As a result, on August 15, 2016, plaintiff Sarita Bhandari was unlawfully terminated from her job.

10.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of

minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

11.     As a result of Defendants' actions, Plaintiffs have suffered great hardship and damages.

12.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees. Plaintiffs seek certification of their FLSA claims as a collective action on behalf of themselves individually and those other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216 (b).

## JURISDICTION AND VENUE

**Federal Question Jurisdiction and Supplemental Jurisdiction**

13.     This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Additionally, this Court also has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. §1367(a).

**Personal Jurisdiction**

14.     This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

**Venue**

15.     Venue is proper in the Eastern District of New York under 8 U.S.C. §§ 1391 (b) (1) and (2) because Defendants conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in

this judicial district.

## THE PARTIES

### (Plaintiffs)

**Bhagwati Ghale**

16.     Plaintiff Bhagwati Ghale ("Ghale") is an adult individual residing in the state of New York, County of Queens.

17.     Ghale is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

18.     Ghale was employed by Defendants to work at La Quinta Inns, located at 37-18 Queens Boulevard, Long Island City, NY 11101.

19.     Ghale was employed as a housekeeper. Her duties included cleaning, maintaining, and managing upkeep of the various rooms throughout the motel.

20.     Ghale worked at La Quinta from April 2015 until July 2016.

21.     Ghale was scheduled to work for 5 days per week by Defendants from 9 a.m. to 5 p.m. Ghale was paid at an hourly rate of Eight Dollars and Seventy-Five Cents ($8.75) from April 2015 to December 2015 and an hourly rate of Nine Dollars ($9) per hour from January 2016 until the end of her employment. Ghale was paid by check once per week.

22.     However, she was often required by Defendants to stay extra hours after 5 p.m. in order to complete her work. Often Ghale would be required to stay until 7 p.m. or 8 p.m. and she would not be paid at all for those extra hours.

23.     Ghale has personal knowledge of other employees of Defendants who also worked extra hours for which they were not paid.

24.     Ghale was not provided with any meal breaks during her shifts as required by law.

25.    Defendants have failed to pay Ghale spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Ghale's shift exceeded ten hours.

26.    Defendants have failed to pay Ghale overtime compensation of one and one-half times her regular rate of pay for any hours Ghale worked for more than 40 hours per week.

27.    Ghale was not provided with a notice containing the rate and basis of her pay; the designated pay date; and the employer's name, address, and telephone number at the time of hiring or at any point thereafter.

28.    Ghale was not provided with accurate wage statements stating all her hours worked. This is because Defendants did not account for extra hours worked by her outside her schedule.

29.    Upon information and belief, while Defendants employed Ghale, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and also failed to inform Ghale of such rights.

30.    Throughout the duration of her employment, Ghale did not have any supervisory authority nor did she exercise discretion or independent judgment with respect to matters of significance.

31.    Ghale regularly handled goods in interstate commerce, such as cleaning products that were manufactured outside of the state of New York.

32.    Ghale consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. §216(b).

**Beauty Akhtar**

33.    Plaintiff Beauty Akhtar ("Akhtar") is an adult individual residing in the state of New York, County of Queens.

34.    Akhtar is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

35.    Akhtar was employed by Defendants to work at La Quinta Inns, located at 37-18 Queens Boulevard, Long Island City, NY 11101.

36.    Akhtar was employed as a motel housekeeper. Her duties included cleaning, maintaining, and managing upkeep of the various rooms throughout the motel.

37.    Akhtar worked for the Defendants from April 2013 until January 2016.

38.    Akhtar was scheduled to work for three days per week from 9 a.m. to 5 p.m. Akhtar was paid at an hourly rate of Seven Dollars and Twenty-Five Cents ($7.25) per hour from April 2013 to December 2013, Eight Dollars ($8.00) per hour from January 2014 to December 2014, Eight Dollars and Seventy-Five Cents ($8.75) per hour from December 2014 until December 2015, and Nine Dollars ($9.00) per hour from January 2016 until the end of her employment. Akhtar was paid by check once per week.

39.    However, she was often required by Defendants to work extra hours after 5 p.m. in order to complete her duties. Often, Akhtar would be required to stay until 7 p.m. or 8 p.m. and she would not be paid at all for those extra hours.

40.    Akhtar has personal knowledge of other employees of Defendants who also worked extra hours for which they were not paid.

41.    Akhtar was not provided with any meal breaks during her shifts as required by law.

42.    Defendants have failed to pay Akhtar spread-of- hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Akhtar's shift exceeded ten hours.

43.    Defendants have failed to pay Akhtar overtime compensation of one and one-half times her regular rate of pay for any hours Akhtar worked for more than 40 hours per week.

44.    Akhtar was not provided with a notice containing the rate and basis of her pay; the designated pay date; and the employer's name, address, and telephone number at the time of hiring or at any point thereafter.

45.    Akhtar was not provided with accurate wage statements stating all hours worked. This is because Defendants did not account for extra hours worked by her outside her schedule.

46.    Upon information and belief, while Defendants employed Akhtar, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Akhtar of such rights.

47.    Throughout the duration of her employment, Akhtar did not have any supervisory authority nor did she exercise discretion or independent judgment with respect to matters of significance.

48.    Akhtar regularly handled goods in interstate commerce, such as cleaning products that were manufactured outside of the state of New York.

49.    Akhtar consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. §216(b).

**Aruna Tamang**

50.     Plaintiff Aruna Tamang ("Tamang") is an adult individual residing in the state of New York, County of Queens.

51.     Tamang is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

52.     Tamang was employed by Defendants to work at La Quinta Inns, located at 37-18 Queens Boulevard, Long Island City, NY 11101.

53.     Tamang was employed as a motel housekeeper. Her duties included cleaning, maintaining, and managing upkeep of the various rooms throughout the motel.

54.     Tamang worked for the Defendants from July 2014 until August 2016.

55.     Tamang was scheduled to work 5 days per week by Defendants from 9 a.m. to 5 p.m. Tamang was paid at an hourly rate of Eight Dollars ($8) per hour from July 2014 to December 2014, Eight Dollars and Seventy-Five Cents ($8.75) per hour from January 2015 to December 2015, and Nine Dollars ($9.00) per hour from January 2016 until the end of her employment. Tamang was paid by check once per week.

56.     However, she was often required by the Defendants to work extra hours after 5 p.m. to complete her work. Often, Tamang would be required to stay until 7 p.m. or 8 p.m. and she would not be paid at all for those extra hours.

57.     Tamang has personal knowledge of other employees of Defendants who also worked extra hours for which they were not paid.

58.     Tamang was not provided with any meal breaks during her shifts as required by the law.

59.     Defendants have failed to pay Tamang spread-of-hours compensation of one

hour's pay at the basic minimum hourly wage rate for each day during which Tamang's shift exceeded ten hours.

60.     Defendants have failed to pay Tamang overtime compensation of one and one-half times her regular rate of pay for any hours Tamang worked for more than 40 hours per week.

61.     Tamang was not provided with a notice containing the rate and basis of her pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

62.     Tamang was not provided with accurate wage statements stating all hours worked. This is because Defendants did not account for extra hours worked by her outside her schedule.

63.     Upon information and belief, while Defendants employed Tamang, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Tamang of such rights.

64.     Throughout the duration of her employment, Tamang did not have any supervisory authority nor did she exercise discretion or independent judgment with respect to matters of significance.

65.     Tamang regularly handled goods in interstate commerce, such as cleaning products that were manufactured outside of the state of New York.

66.     Tamang consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. §216(b).

**Sarita Bhandari**

67.    Plaintiff Sarita Bhandari ("Bhandari") is an adult individual residing in the state of New York, County of Queens.

68.    Bhandari is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

69.    Bhandari was employed by Defendants to work at La Quinta Inns, located at 37-18 Queens Boulevard, Long Island City, NY 11101.

70.    Bhandari was employed as a motel housekeeper. Her duties included cleaning, maintaining, and managing upkeep of the various rooms throughout the motel.

71.    Bhandari worked for the Defendants from April 2016 until her termination on August 15, 2016.

72.    Bhandari was scheduled to work for three days per week by Defendants from 9 a.m. to 5 p.m. Bhandari was paid at an hourly rate of Nine Dollars ($9) per hour throughout her employment. She was paid by check once per week.

73.    However, she was often required by Defendants to stay extra hours in order to complete her duties, often staying until 7 or 8 p.m. Bhandari was not paid for these extra hours that she had worked.

74.    Bhandari has personal knowledge of other employees of Defendants who also worked extra hours for which they were not paid.

75.    Bhandari was not provided with any meal breaks during her shifts as required by the law.

76.    Defendants have failed to pay Bhandari spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Bhandari's shift

exceeded ten hours.

77.     Defendants have failed to pay Bhandari overtime compensation of one and one-half times her regular rate of pay for any hours Bhandari worked for more than 40 hours per week.

78.     Bhandari was not provided with a notice containing the rate and basis of her pay; the designated pay date; and the employer's name, address, and telephone number at the time of hiring or any point thereafter.

79.     Bhandari was not provided with accurate wage statements stating all hours worked. This is because Defendants did not account for extra hours worked by her outside her schedule.

80.     Upon information and belief, while Defendants employed Bhandari, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Bhandari of such rights.

81.     Throughout the duration of her employment, Bhandari did not have any supervisory authority nor did she exercise discretion or independent judgment with respect to matters of significance.

82.     Bhandari regularly handled goods in interstate commerce, such as cleaning products that were manufactured outside the state of New York.

83.     Bhandari consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. §216(b).

84.     Bhandari, through her Attorneys, sent a notice of intent to commence litigation dated August 9, 2016, to the Defendants PSA Realty Corp. and La Quinta Inns, Inc. As a result, Bhandari was terminated from her employment on August 15, 2016.

**(Corporate Defendants)**

85.     Defendants PSA Realty Corp. and La Quinta Inns, Inc. jointly employed Plaintiffs within the meaning of the FLSA and the NYLL and the interpreting case law including *Zheng v. Liberty Apparel Co. Inc*. 355 F.3d 61 (2d Cir. 2003). Factors indicating joint employment include:

a.      Corporate Defendants all suffered or permitted Plaintiffs to work.

b.      Each of the Defendants acted directly or indirectly in the interest of one another in relation to Plaintiffs and similarly situated employees.

c.      Defendants each have an economic interest in the La Quinta location in which Plaintiffs and similarly situated employees worked.

d.      Defendants all simultaneously benefitted from Plaintiffs' work.

e.      Defendants each had either functional and/or formal control over the terms and conditions of work of Plaintiffs and similarly situated employees.

f.      Plaintiffs and similarly situated employees performed work integral to each Corporate Defendant's operation.

86.     In the alternative PSA Realty Corp. and La Quinta Inns, Inc. functioned together as a single integrated employer of Plaintiffs within the meaning of the FLSA and NYLL.

**PSA Realty Corp.**

87.     PSA Realty Corp. ("PSA") is a domestic corporation formed on November 1, 2002, organized and existing under the laws of the state of New York.

88.     PSA has the registered address of 37-16 Queens Boulevard in Long Island City, New York, 11101.

89.     PSA has been in operation and has managed hotels for over 14 years. PSA manages and has ownership interests in hotels with over 700 rooms within the state of New York and specifically manages and franchises La Quinta according to

12

http://www.psarealtycorporation.com/.

90.     At all relevant times, PSA is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

91.     At all times applicable, Plaintiffs were directly retained by PSA and received their paychecks from PSA for work they physically performed at Defendant La Quinta Inns, Inc.

92.     At all relevant times, PSA has maintained control, oversight, and direction over the Plaintiffs, including timekeeping, payroll and other employment practices that applied to them.

93.     At all relevant times, PSA was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees were handling cleaning products and other materials that were manufactured outside of the state of New York. In addition, PSA conducted business with vendors and other businesses outside the state of New York and engaged in credit card transactions involving banks and other institutions outside the state of New York.

94.     Upon information and belief, at all relevant times, PSA's annual gross volume of sales made, or business done, was not less than $500,000, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii).

**La Quinta Inns, Inc.**

95.     La Quinta Inns, Inc. ("La Quinta") is a corporation that is engaged in the ownership, development, and operation of hotels and manages La Quinta Inns & Suites, a chain of service hotels with locations throughout the United States.

96.     La Quinta Inns, Inc. is a foreign business corporation organized and existing

under the laws of the state of Delaware. On September 14, 2004, La Quinta designated the New York Secretary of State as an agent of the corporation upon whom process against it may be served in New York.

97.     At all relevant times, La Quinta is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

98.     At all relevant times, La Quinta has maintained formal and/or functional control, oversight, and direction over the Plaintiffs. Specifically, Plaintiffs performed their work duties at a hotel owned and controlled by La Quinta, reported directly to La Quinta's facilities at the start of the work day and left those facilities at the end of the work day. The equipment, uniform and cleaning products used by Plaintiffs to perform their work duties were provided by La Quinta.

99.     Upon information and belief, La Quinta directly and/or indirectly set Plaintiffs' hours of work and pay rates through its terms of agreement with PSA, the intermediary agency.

100.    At all relevant times, the duties performed by Plaintiffs for La Quinta were integral to La Quinta's operations and the conduct of their business. Specifically, as a hotel, La Quinta provided lodging facilities to hotel guests and Plaintiffs' duties were essential to the upkeep of these facilities. Plaintiffs were also required to act as employees of La Quinta when dealing with hotel guests.

101.    Upon information and belief, La Quinta knew or should have known of the unlawful policies of requiring Plaintiffs to work extra hours with no pay at all; and had the power to stop the work and/or the violations, but did not do so.

102.    Upon information and belief, La Quinta had the authority to audit all PSA employment records and exercise control over the accuracy of the hours and wages of

Plaintiffs.

103.    La Quinta had the power to induce compliance with applicable wage and hour laws by threatening to terminate its agency agreement with PSA.

104.    At all relevant times, La Quinta Inns, Inc. was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because of its ownership of numerous hotels in various states throughout the U.S.

105.    Upon information and belief, at all relevant times, La Quinta Inns, Inc.'s annual gross volume of sales made, or business done, was not less than $500,000 exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii).

**(Individual Defendants)**

106.    At all relevant times, PSA Realty Corp., La Quinta Inns, Inc., Kanshik Patel, Chandresh Patel, and Mark Chloupek, were joint employers of Plaintiffs, acted in the interest of each other, and had common policies and practices as to wages and hours, pursuant to 29 C.F.R. § 791.2.

**<u>Kanshik Patel</u>**

98.    Upon information and belief, at all relevant times, Kanshik Patel ("Kanshik") was, at the time of Plaintiffs' employment owner, principal, authorized operator, manager, shareholder and/or agent of PSA Realty Corp.

99.    At all relevant times throughout Plaintiffs' employment, Kanshik had the discretionary power to create and enforce personnel decision on behalf of PSA, including but not limited to: hiring, terminating, disciplining and training employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiffs' schedule; instructing and supervising Plaintiffs; and/or otherwise controlling the terms and conditions for the Plaintiffs

while they were employed by Defendants.

100.    At all relevant times throughout Plaintiffs' employment, Kanshik was involved in the day-to-day operations of PSA.

101.    At all relevant times throughout Plaintiffs' employment, Kanshik was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiffs, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

**Chandresh Patel**

102.    Upon information and belief, at all relevant times, Chandresh Patel ("Chandresh") was, at the time of Plaintiffs' employment owner, principal, authorized operator, manager, shareholder and/or agent of PSA Realty Corp.

103.    At all relevant times throughout Plaintiffs' employment, Chandresh had the discretionary power to create and enforce personnel decision on behalf of PSA, including but not limited to: hiring, terminating, disciplining and training employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiffs' schedule; instructing and supervising Plaintiffs; and/or otherwise controlling the terms and conditions for the Plaintiffs while they were employed by Defendants.

104.    At all relevant times throughout Plaintiffs' employment, Chandresh was involved in the day-to-day operations of PSA.

105.    At all relevant times throughout Plaintiffs' employment, Chandresh was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiffs, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

16

**Mark Chloupek**

106.    Upon information and belief, at all relevant times, Mark Chloupek ("Chloupek") was, at the time of Plaintiffs' employment owner, principal, authorized operator, manager, shareholder and/or agent of La Quinta Inns, Inc.

107.    At all relevant times throughout Plaintiffs' employment, Chloupek had the discretionary power to create and enforce personnel decision on behalf of La Quinta Inns, Inc. including but not limited to: hiring, terminating, disciplining and training employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiffs' schedule; instructing and supervising Plaintiffs; and/or otherwise controlling the terms and conditions for the Plaintiffs while they were employed by Defendants.

108.    At all relevant times throughout Plaintiffs' employment, Chloupek was involved in the day-to-day operations of La Quinta Inns, Inc.

109.    At all relevant times throughout Plaintiffs' employment, Chloupek was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiffs, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

**COLLECTIVE ACTION ALLEGATIONS**

107.    Pursuant to 29 U.S.C. §§ 203, 206, 207 and 216(b), Plaintiffs bring their First and Second claims as a collective action under the FLSA on behalf of themselves and the following collective:

All persons employed by Defendants PSA and/or La Quinta at any time since September 5, 2013, and through the entry of judgment

in this case (the "Collective Action Period") who work/worked as housekeepers (the "Collective Action Members").

108.    A collective action is appropriate in these circumstances because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subject to Defendants' illegal policies of failing to pay employees for extra hours worked that exceeded the schedule set by Defendants and overtime premiums for work performed in excess of forty (40) hours each week.

109.    Plaintiffs and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

110.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act – Minimum Wages

111.    Plaintiffs, on behalf of themselves and the Collective Action Members, reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

112.    At all relevant times, Plaintiffs and the Collective Action Members were employees and employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d), (e)(1), and (g).

113.    At all times relevant, Defendants have been employers of Plaintiffs and the Collective Action Members, and were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§203 (s)(1) and 206 (a).

114.    Defendants were required to pay directly to Plaintiffs, and the Collective Action Members, the applicable Federal minimum wage rate for all hours worked pursuant to 29 U.S.C. § 206.

115.    Defendants failed to pay Plaintiffs, and the Collective Action Members, their earned minimum wages for all hours worked to which they were entitled to under the FLSA.

116.    Instead, Defendants paid the Plaintiffs and the Collective Action Members only their regularly scheduled hours, and did not account for hours that Plaintiffs were required to work beyond their schedules.

117.    As a result of Defendants' violations of the FLSA, Plaintiffs and the Collective Action Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, reasonable attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216 (b).

118.    Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

119.    Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiffs and the Collective Action Members.

120.    Defendants failed to post or keep posted conspicuous notices of Plaintiffs' rights as required by the U.S. Department of Labor pursuant to 29 C.F.R. § 516.4, further evincing Defendants' lack of good faith.

121.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

## SECOND CAUSE OF ACTION

### Fair Labor Standards Act – Unpaid Overtime Wages

122.  Plaintiffs and the Collective Action Members reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

123.  The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 (a)(1) and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the Collective Action Members.

124.  Defendants have failed to pay Plaintiffs and the Collective Action Members overtime wages at a rate of one and one-half times the regular rate at which they were employed for but under no instance less than one and one-half times the statutory minimum wage for all of the hours that they worked in excess of forty (40) hours per workweek.

125.  As a result of Defendants' violations of the FLSA, Plaintiffs and the Collective Action Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

## THIRD CAUSE OF ACTION

### Fair Labor Standards Act – Prohibited Retaliation

126.  Plaintiff Sarita Bhandari, realleges and incorporates by reference all allegations in all preceding paragraphs.

127.  The retaliation provisions as set forth in FLSA, 29 U.S.C.A. § 215 apply to Defendants and protect Plaintiff Bhandari.

128.  After receiving a notice of intent to commence litigation letter dated August 9, 2016 by Plaintiffs' Counsel, Defendants retaliated by terminating Bhandari from her

employment.

129.    Due to Defendants' unlawful retaliation against Bhandari, she has suffered great hardship and damages of an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### New York Labor Law – Minimum Wage

130.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

131.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

132.    At all relevant times referenced herein, Plaintiffs have been employees of Defendants, and Defendants have been employers of Plaintiffs within the meaning of the NYLL §§ 190, 651 (5), 652, and the supporting New York State Department of Labor Regulations.

133.    The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiffs.

134.    From 2010 to December 30, 2013, the minimum hourly wage in the State of New York was $7.25, from December 31, 2013 to December 31, 2014, the minimum hourly wage was $8.00, from December 31, 2014, to December 30, 2015, the minimum hourly wage was $8.75, and from December 31, 2015 onwards, the minimum hourly wage in the State of New York is $9.00 pursuant to NYLL § 652 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146-1.2.

135.    Defendants were required to pay Plaintiffs no less than the applicable statutory minimum wage for all hours worked under the NYLL § 652 and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 146-1.2.

136.    Through their knowing and intentional failure to pay minimum hourly wages to Plaintiffs for their hours worked beyond those scheduled by Defendants, Defendants have violated the NYLL Article 19, §§ 650 *et seq*., and 12 N.Y.C.R.R. Part 146-1.2.

137.    Defendants also failed to post conspicuous notices of the Plaintiffs' rights under the law, as required by the NYLL § 661 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146-2.4, further evincing Defendants' lack of good faith.

138.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of NYLL § 663.

139.    Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## **FIFTH CAUSE OF ACTION**

### **New York Labor Law – Unpaid Overtime Wages**

140.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

141.    The overtime wage provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiffs.

142.    Defendants have failed to pay Plaintiffs proper overtime which they were entitled to at a wage rate of one and one-half times the employees' regular rate but under no instance less than one and one-half times the statutory minimum wage as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 146-1.4.

143.    Through their knowing or intentional failure to pay Plaintiffs proper overtime wages for hours worked in excess of forty (40) hours per workweek, Defendants have violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

144.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of NYLL § 663.

145.    Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## SIXTH CAUSE OF ACTION

### New York Labor Law- Spread-of-Hours Pay

146.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

147.    The spread-of-hours provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiffs.

148.    Defendants have failed to pay Plaintiffs spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiffs worked more than ten (10) hours, as defined by the New York State Department of Labor regulations, including but not limited to 12 N.Y.C.R.R. Part 146-1.6.

149.    Through their knowing or intentional failure to pay Plaintiffs spread-of-hours compensation, Defendants have willfully violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

150.    Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid spread-of-hours pay, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## SEVENTH CAUSE OF ACTION

### New York Labor Law– Failure to Provide Notice at the Time of Hiring

151.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

152.    Defendants have failed to provide Plaintiffs, at the time of hiring, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

153.    Due to Defendants' violations of the NYLL § 195(1), Plaintiffs are entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

## EIGHTH CAUSE OF ACTION
### New York Labor Law– Failure to Provide Wage Statements

154.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

155.    Defendants have failed to provide Plaintiffs with accurate wage statements listing their rate of pay; basis of pay; the period covered; and overtime pay, in violation of NYLL § 195(3).

156.    Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## NINTH CAUSE OF ACTION

### New York Labor Law – Prohibited Retaliation

157.    Plaintiff, Sarita Bhandari, realleges and incorporates by reference all allegations in all preceding paragraphs.

158.    The retaliation provisions as set forth in NYLL § 215(1) apply to Defendants and protect Plaintiff Bhandari.

159.    After receiving a notice of intent to commence litigation letter dated August 9, 2016 by Plaintiffs' Counsel, Defendants retaliated by terminating Bhandari from her employment in violation of 29 NYLL § 215(1).

160.    Due to Defendants' unlawful retaliation against Plaintiff Bhandari, she has suffered great hardship and damages and is entitled to recover an award comprising of lost compensation, costs and reasonable attorneys' fees, and liquidated damages up to a maximum of Twenty Thousand Dollars ($20,000) pursuant to NYLL § 215(2)(a).

161.    Defendants should also be ordered to pay a civil penalty of a maximum of Ten Thousand Dollars ($10,000) pursuant to 29 NYLL § 215(1)(b).

## TENTH CAUSE OF ACTION

### New York Labor Law – Meal Break Violations

162.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

163.    The meal provisions as set forth in NYLL § 162 apply to Defendants and protect Plaintiffs.

164.    Defendants have consistently and repeatedly failed to allow Plaintiffs a meal break lasting at least thirty minutes per day for any days Plaintiffs worked a shift of more than six hours extending between the hours of 11:00 a.m. and 2 p.m. as required by NYLL § 162(2).

165.    Due to Defendants' violations of the NYLL, Plaintiffs have suffered damages by being deprived of their statutorily required meal breaks and are entitled to compensation in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs seek the following relief:

A.    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative collective action members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

B.    Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* New York Labor Law, Article 6, §§ 190 *et seq*., and Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations;

C.    Unpaid minimum wages, and overtime pay under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

D.      Unpaid minimum wages, overtime wages, and spread-of-hours pay under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and §663(1);

E.      Civil penalties of One Thousand One Hundred Dollars ($1,100) for each of Defendants' willful and repeated violation of the FLSA pursuant to 29 U.S.C.A. § 216(b);

F.      An award of statutory damages for Defendants' failure to provide Plaintiffs with a wage notice at the time of hiring pursuant to NYLL § 198 (1-b);

G.      An award of statutory damages for Defendants' failure to provide Plaintiffs with accurate wage statements pursuant to NYLL § 198 (1-d);

H.      An award of damages to be determined at trial for the Defendants' prohibited retaliation against Plaintiff Sarita Bhandari pursuant to 29 U.S.C.A § 215(3);

I.       An award of front pay, lost compensation, costs and reasonable attorneys' fees, and liquidated damages up to a maximum of Twenty Thousand Dollars ($20,000) for Defendants' prohibited retaliation against Plaintiff Sarita Bhandari pursuant to NYLL § 215(2)(a);

J.      A civil penalty of a maximum of Ten Thousand Dollars ($10,000) for Defendants' prohibited retaliation against Plaintiff Sarita Bhandari pursuant to 29 NYLL § 215(1)(b);

K.      Damages of an amount to be determined at trial for Defendants' failure to provide Plaintiffs with statutorily required meal breaks;

L.      A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

M.      If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

N.      An award of pre-judgment interest of nine per centum per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

O.      An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

P.      An award of attorney's fees, costs, and further expenses up to fifty dollars, pursuant to 29 U.S.C. § 216(b), and NYLL §§ 198 and 663(1);

Q.      Such other relief as this Court shall deem just and proper.


Dated:  Astoria, New York
        September 5, 2016

                                        Respectfully submitted,
                                        **PARDALIS & NOHAVICKA, LLP**

                        By:     ____/s/Ariadne Panagopoulou_____
                                Ariadne Panagopoulou (AP-2202)
                                Elizabeth Vulaj
                                *Attorneys for the Plaintiffs*
                                35-10 Broadway, Suite 201
                                Astoria, New York 11106
                                Tel: 718.777.0400 | Fax: 718.777.0599
                                Email:  ari@pnlawyers.com

28

## NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

### FAIR LABOR STANDARDS ACT CONSENT FORM

I consent to be a party plaintiff in a lawsuit against **PSA Realty Corp.**, and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216(b). I hereby designate **Pardalis & Nohavicka LLP** to represent me in such a lawsuit.

Dated: 7/26/2016

_____
Signature

Aruna Tamang_____
Print

47-06 49th Street_____
Woodside, NY 11377_____
Address

646.420.2874_____
Telephone

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

      I consent to be a party plaintiff in a lawsuit against **PSA Realty Corp.**, and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216(b). I hereby designate **Pardalis & Nohavicka LLP** to represent me in such a lawsuit.

Dated: 7/26/2016

Savita
_____
Signature

Sarita Bhandari_____
Print

47-06 49th Street_____
Woodside, NY 11377_____
Address

917.770.6082_____
Telephone

## NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

### FAIR LABOR STANDARDS ACT CONSENT FORM

I consent to be a party plaintiff in a lawsuit against **PSA Realty Corp.,** and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. section §216(b). I hereby designate **Pardalis & Nohavicka LLP** to represent me in such a lawsuit.

Dated: 7/22/2016

_____Bihale_____
Signature

Bhagwati Ghale_____
Print

4835 46th Street, Apt 4E
Woodside, NY 11377_____
Address

917.331.8919_____
Telephone

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

       I consent to be a party plaintiff in a lawsuit against **PSA Realty Corp.**, and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. section §216(b). I hereby designate **Pardalis & Nohavicka LLP** to represent me in such a lawsuit.

Dated: 8/1/2016

_____
Signature

Beauty Akhtar_____
Print

4717 39th Street, Apt 3D
Sunnyside, NY 11104_____
Address

347 - 536 - 6742
_____
Telephone